**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BREANNA MATERA,

      Plaintiff,

v.                                                                    Case No: 8:26-cv-1648-KKM-AAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____

## <u>ORDER</u>

Breanna Matera alleges that State Farm Mutual Automobile Insurance Company breached the insurance policy between the two parties by not providing Matera with benefits relating to underinsured or uninsured drivers after one such driver collided with Matera on February 2, 2025. *See* Compl. (Doc. 1-1) ¶¶ 6–12. On April 30, 2026, Matera sued State Farm in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. *See id.*

State Farm removed the case to this Court on June 3, 2026, based on purported diversity jurisdiction. Notice of Removal (NOR) (Doc. 1). I directed State Farm to show cause no later than June 12, 2026, and "explain why, by a preponderance of the evidence, the amount in controversy is sufficient for diversity jurisdiction." (Doc. 6). State Farm did not respond. After considering

the complaint, the notice of removal, and the attached documents, I remand the case for lack of subject matter jurisdiction.

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "Where the plaintiff has not plead a specific amount of damages," the removing party must show, "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *See id.*; *see also* 28 U.S.C. § 1446(c)(2)(B). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But conclusory allegations or speculation that the amount in controversy is satisfied are insufficient to meet the defendant's burden. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007).

To evaluate the amount in controversy, a court may look to the documents that the defendant received from the plaintiff, along with the removal attachments. *See Pretka*, 608 F.3d at 755 (explaining that "Defendants may introduce their own affidavits, declarations, or other documentation" to

show that the amount in controversy exceeds $75,000). A court may draw reasonable deductions and inferences from these documents using "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

As an initial matter, Matera does not allege a specific amount of damages. *See generally* Compl. Instead, she seeks a judgment "in excess of Fifty Thousand ($50,000) Dollars, for damages, fees, costs, prejudgment interest, and any other relief this Court deems appropriate against the Defendant." Compl. at 3–4 (Prayer for Relief).

In the Notice of Removal, State Farm points to a combination of Matera's boilerplate allegations of permanent injury and resulting damages and a Civil Remedy Notice (CRN) from Matera that asserts that State Farm should have tendered the full $100,000 policy limits. *See* NOR at 5, Compl. ¶ 13. This is insufficient to meet State Farm's burden.

Numerous courts in "[t]he Middle District ha[ve] determined that demand letters and CRNs are not sufficient evidence to establish the amount in controversy because a plaintiff's demand for the available policy limits does not establish that the claim will more likely than not exceed $75,000.00 by a preponderance of the evidence." *Houston v. Garrison Prop. & Cas. Ins. Co.*, No. 8:14-CV-01944-EAK, 2014 WL 6469608, at *3 (M.D. Fla. Nov. 17, 2014);

*Hughes v. USAA Cas. Ins. Co.*, No. 6:24-CV-1595-JSS-LHP, 2025 WL 1085823, at *3 (M.D. Fla. Mar. 20, 2025); *Est. of Lamastus v. State Farm Mut. Auto. Ins. Co.*, No. 616CV1980ORL22GJK, 2016 WL 11467237, at *4 (M.D. Fla. Dec. 19, 2016) ("Civil Remedy Notices say nothing about the amount in controversy. . . . The only possible use of the Civil Remedy Notice in this case is to serve as a description of [plaintiff's] injuries.").

Here, the CRN provides some insight into Matera's injuries, but it still falls short of establishing the amount in controversy by a preponderance of the evidence. Immediately following the crash, Matera suffered "mild frontal headache, mild abrasions to the right side of her face and under the chin, neck and back pain." CRN (Doc. 1-7) at 3. She was also "diagnosed with post concussion syndrome." *Id.* Since the crash, Matera's "chief complaints were of muscular strains and aches due to the accident specifically significant neck and lower back pains." *Id.* Matera's injuries have warranted "a course of conservative treatment" and an MRI that revealed aspects of her spine that "may reflect injury" or that "can be associated with whiplash-associated disorder in the appropriate clinical setting." *Id.* Her medical bills total $26,567.18 and her doctor recommends a procedure "with an estimated cost of $12,600.00." *Id.* Matera does not represent in the CRN that she has undergone the procedure or plans to follow her doctor's recommendation. *See id.* Even if I

4

speculate that she has, on this record, the total medical bills would be less than $40,000. Beyond boilerplate statements of "pain and suffering, mental anguish, loss of enjoyment, [and] inconvenience," *id.* at 4, the CRN does not shed light on Matera's non-economic damages such that I could avoid impermissible speculation as to their amount. In keeping with the Eleventh Circuit's guidance, I decline to do so. *See Lowery*, 483 F.3d at 1211 (disapproving "unabashed guesswork" and "speculation" at the amount-in-controversy stage).

State Farm has failed to demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Thus, remand is warranted.

Accordingly, the following is **ORDERED:**

1.  The Clerk is directed to **REMAND** this action to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2.  The Clerk is further directed to **TERMINATE** any pending deadlines and motions, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 15, 2026.

Kathryn Kimball Mizelle
United States District Judge